David Robert BELL, Plaintiff-Appellant,

v.

M. GLYNN, in his capacity as Doctor and Chief Medical Officer (CMO); et al., Defendants-Appellees.

No. 16-56533

United States Court of Appeals, Ninth Circuit.

Submitted August 9, 2017 *

Filed August 17, 2017

David Robert Bell, Pro Se

Jon S. Tangonan, Esquire, AGCA—Office of the Attorney General (San Diego), San Diego, CA, for Defendants-Appellees

Before: SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

MEMORANDUM **

California state prisoner David Robert Bell appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013). We affirm.

The district court properly granted summary judgment because Bell failed to raise a genuine dispute of material fact as to whether defendants knew of and disregarded an excessive risk to Bell's health. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion regarding diagnosing or treating a medical condition does not violate a prisoner's Eighth Amendment rights).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Bell's requests to file a late and oversized reply brief (Docket Entry Nos. 20 and 21) are granted. The Clerk shall file the reply brief submitted at Docket Entry No. 18.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Bell's request for oral argument, set forth in his reply brief, is denied.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

